SO ORDERED.

SIGNED this 7 day of August, 2013.

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:
RONALD ALLEN BUNDY                             CASE NO.
KIMBERLY RENEE BUNDY                           13-02420-8-RDD
                                               CHAPTER 13

### ORDER AVOIDING JUDICIAL LIEN OF MARTIN KOSMAN

Pending before the Court is the motion to avoid a judicial lien pursuant to 11 U.S.C. § 522(f) and Federal Rules of Bankruptcy Procedure 4003(d) and 9014, filed by Ronald Allen Bundy and Kimberly Renee Bundy ("the Debtors") on July 8, 2013.

Having considered the motion and other matters of record in this case, the Court finds and concludes:

1. All parties-in-interest have received notice of the motion and no party has timely objected to the relief requested in the motion.

2.    Debtor owns real property described as 9253 Rockfish Road, Raeford, North Carolina, with a value of $210,000.00, as of the petition date.

3. The Debtor could claim an exemption in the amount of $60,000.00 pursuant to N.C.G.S. § 1C-1601(a)(1) if there were no liens on the property.

4    The abovementioned property is encumbered by (e.g., a first lien deed of trust) in favor of Nations STCU Mortgage, LLC, which secures indebtedness with an unpaid balance of $206,000.00 as of the petition date.

1

5.      Martin Kosman holds a judicial lien against the above mentioned property pursuant to a judgment referenced in file 12 CVS 9521 in the Office of the Clerk of Court of Cumberland County, and which transcribed and docketed in Hoke County, North Carolina on or about February 20, 2013, in transcript number 13T 000013, and recorded in abstract number J001.  As of the date of the petition, said judicial lien was in the approximate amount of $33,764.52, plus interest and attorney's fees.

6.      Pursuant to 11 U.S.C. § 522(f)(2)(A), "a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens."

7. As to the property located at 9253 Rockfish Road, Raeford, North Carolina, the total aggregate of the liens $239,764.52 and the value of the exemption the Debtors could claim of $60,000.00 is equal to $299,764.52, which exceeds the value of the Debtor's interest in the property by $89,764.52.  Because that sum is greater than or equal to the amount of the $33,764.52 judicial lien sought to be avoided, the judicial lien impairs an exemption pursuant to 11 U.S.C. § 522(f) and may be completely avoided pursuant to 11 U.S.C. § 522(f)(1).

Therefore, it is ORDERED that the judicial lien held by Martin Kosman, and referenced in file 13T 000013 in the Office of the Clerk of Court of Hoke County, be and is hereby **AVOIDED AND CANCELED** as to the property described as 9253 Rockfish Road, Raeford, North Carolina, and said judicial lien shall have no further force or effect as to said real property, **UNLESS** pursuant to 11 U.S.C. § 349(b)(1)(B), this case is dismissed or pursuant to 11 U.S.C. §348(f)(1)(B) this case is converted to a chapter 7 proceeding.

       **SO ORDERED**

**END OF DOCUMENT**